PER CURIAM.
On April 6, 1995, respondent was charged with commingling his own funds with clients’ funds from an IOLTA account at the People’s Bank and Trust Company between February 1, 1992 and July 31, 1994. The charges allege that respondent (1) issued N.S.F. checks on the IOLTA account, causing the balance to be overdrawn, (2) paid personal and business expenses from the account, and (3) failed to promptly withdraw his legal fees and other funds which belonged to him. Respondent was charged with violating Rules 1.15(a), 1.15(b), 8.4(a), and 8.5(c), and La.S.Ct. Rule XIX, Sections 28 and 29.
At the hearing, respondent testified that he does not currently maintain an account for clients’ funds which is separate and apart from his own. Between February 1, 1992 and sometime after January, 1993, he maintained two accounts at People’s Bank and Trust Company; one was the IOLTA account at issue herein, and the other was a general office operating account.
According to respondent, the People’s Bank and Trust closed the general office operating account for failure to maintain adequate funds in the account sometime after January, 1993. Respondent then began withdrawing earned fees from the IOLTA *116 account by making checks payable directly to his creditors. He stated that any checks that have been returned N.S.F. were unintentional, and were not due to his failure to properly safeguard client’s funds. Rather, according to respondent, any overdrafts were due to his accepting checks from clients for filing fees and expenses that were written to respondent from N.S.F. client accounts.
In mitigation, respondent maintains that he has been diagnosed with manic depression with an underlying anxiety. This psychological disorder is recurring, and consequently, he works sporadically and his ability to generate sufficient revenues has declined. Respondent pointed out that no client had been harmed or deprived of any funds, and that a representative of the District Attorney, not a client, brought this matter to the attention of the Disciplinary Board.
After hearing the evidence, the Hearing Committee found the fact that respondent knowingly and deliberately commingled his own funds with those of his clients undisputed. The Hearing Committee also found it inconceivable that at any point in time respondent had absolutely no client funds on hand. The Committee noted that although respondent claimed that he maintains client ledgers accounting for clients’ advanced funds, he did not produce any of these records. The Committee recommended a nine-month suspension from the practice of law, subject to certain conditions.
The Disciplinary Board found that respondent had in fact commingled funds, but was persuaded by respondent’s testimony that he did not intend to deprive, nor did he actually deprive any client of any funds. The Board also found that respondent’s actions were caused by problems associated with his manic depression state and abuse of alcohol. The Board noted that respondent is currently in therapy, taking medication and working toward a resolution of his problems. The Board recommended that the respondent be suspended for a period of six (6) months with suspension deferred, and that he be placed on probation for two (2) years, subject to the following conditions:
1.That respondent’s therapist provide reports to the Disciplinary Counsel that he is maintaining his medication for manic depression;
2. A practice monitor shall be appointed who will supervise the respondent for the purpose of maintaining a separate operating account and an IOLTA trust account.
3. Respondent shall automatically be placed on active suspension for six (6) months should he fail to assure that his therapist provides reports, or should there be a negative report by the practice monitor regarding maintenance of separate operating and IOLTA accounts.
After reviewing the evidence, we accept the Board’s recommendation and hereby order that the respondent be suspended from the practice of law for a period of six (6) months with suspension deferred, and that he be placed on probation for two (2) years, subject to the three (3) conditions as outlined by the Disciplinary Board.
SIX MONTH SUSPENSION ORDERED; SUSPENSION DEFERRED; TWO YEARS PROBATION ORDERED WITH CONDITIONS.
VICTORY, J., not on panel.