DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
Seven complaints of misconduct were filed with the Office of Disciplinary Counsel (“ODC”) asserting that respondent, George A Guidry, Sr., an attorney licensed to practice law in the State of Louisiana, commingled and converted to his own use client funds, failed to act with diligence, misled a client, and aided and abetted a non-lawyer in the unauthorized practice of law.[1]
The first complaint was filed by Paula Adams, who retained respondent to file a *967 petition to obtain child support. At the time of retention, respondent was paid $500 and there were no discussions regarding a fee payment schedule. Despite repeated requests, respondent failed to file the petition for seven months. Later, respondent advised his client that he would not perform any further work until his entire fee was paid up front, which amounted to an additional $500. When she filed her complaint with the ODC and terminated respondent’s employment, respondent sent'her a bill for $500.00, which he later adjusted to $203.47 representing filing costs, service costs and other fees. Ms. Adams never paid the bill.
The next complaint arose out of respondent’s representation of Lisa Rhodies in a personal injury matter. Respondent settled his client’s claim for $5,250 and deposited the check into his client trust account on April 29,1996. Respondent later issued a check in the amount of $1,500 to Ms. Rhodies’s medical provider, although the invoice for the rendered services was for $1,967. While respondent claimed that his paralegal had negotiated with the provider to pay the reduced sum, the provider ^denied making such an agreement.[2]
Two complaints were filed out of respondent’s representation of Urania Brown in a personal injury matter. Upon settling his client’s claim, respondent forwarded her medical provider, Administrative Services, a check for $1,150 for services rendered in the amount of $l'340. Subsequently, the check was returned on December 27, 1996 for insufficient funds. A representative of Administrative Services filed a complaint with the ODC alleging that it rendered services to Ms. Brown, and two of respondent’s other clients, Sean Jourdan and Lisa Edinburgh, with the understanding it would be paid upon settlement. Respondent still owed $1,217 for services rendered to Sean Jourdan, whose case settled in September 1995.
The fifth complaint was filed by Allison Burrle, who indicated she retained respondent in 1996 to obtain a divorce and settle her community property. Although she paid respondent $562.50 and her husband paid $362.50, respondent failed to perform any of the services for which he was retained.
Lamarion Swangain filed a complaint alleging ■ that she retained respondent for $1,124.00 to represent her in an appellate matter. She claimed respondent failed to obtain transcripts as she requested and failed to advise her of a hearing in the matter. Respondent maintained that he charged Ms. Swangain $1,000 in fees to review the transcript and $900 for the cost of the transcript. Although Ms. Swangain gave him $900, she requested a loan of $300 from the money. He gave her the money and when she requested another loan instead of paying the balance, he refused. Respondent asserted he represented Ms. Swangain on another matter, made two court appearances and reviewed court documents relative to the appeal; thus, he claimed he earned the remaining $600 balance.
The final complaint was filed by Wade Mason, who retained |3respondent to represent him in the defense of a motion for the increased in child support. Despite repeated attempts, he could not reach respondent to discuss his case. When he obtained a copy of the pleadings from the clerk’s office, Mr. Mason fund out the motion sought penalties for contempt and attorneys fees. In response to the complaint, respondent alleged there had been problems with respect to the scope of his representation.
On July 18, 1997, prior to the filing of formal charges, respondent tendered a Petition for Consent Discipline. While acknowledging the allegations of misconduct were true and valid grounds existed for discipline, he tendered a proposal for consent disbarment effective from August 10, 1997. The ODC filed a concurrence to the petition and submitted its evidence in support of the seven complaints filed against respondent.
*968 On December 30, 1997, the disciplinary board filed its recommendation proposing adoption of the consent discipline in the form of disbarment. Further, the disciplinary board recommended certain conditions of readmission be imposed.[3]
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that , the petition for consent discipline 14be approved.[4]
Accordingly, it is ordered that the name of George A. Guidry, Sr., be stricken from the rolls of attorneys,’ and that his license to practice law in the State of Louisiana be revoked effective August 80, 1997. It is further ordered respondent make restitution to his clients. All costs of these proceedings are assessed against respondent.

 Johnson, J., not on panel. Supreme Court Rule IV, Part 2, § 3.

. At the time of the alleged misconduct, respondent was on disciplinary supervised probation arising out of an unrelated matter involving the mishandling of client funds. In re George A. Guidry, Sr., 96-0990 (La.7/1/96), 677 So.2d 115.

. By May 1996, respondent’s client trust account was overdrawn. In the remaining months' of 1996, the account fell below $1,500 on two. occasions. He claimed that his account became overdrawn because, after his prior disciplinary matter, he began experimenting with holding checks until he needed to deposit them into the account. He also alleged that he converted his IOLTA account to his personal account.

.The board recommended the following conditions for readmission:
1. Pay Administrative Services $467, $1,340 and $1,217, respectively for a total of $3,024;
2. Pay Allison Scott Burrle $562.50 and her husband $362.50 . .
3. Provide Disciplinary Counsel a detailed accounting of the work performed for Lamarion C. Swangain within thirty days from the finality of the Supreme Court’s order in this case, and if Disciplinary Counsel determines that a refund is due, refund Ms. Swangain in the amount Disciplinary Counsel determines is due. If respondent does not submit an accounting to Disciplinary Counsel within thirty days, petitioner is to refund Ms. Swangain $600 prior to his readmission; and
4. Certify to Disciplinary Counsel that he has a clearly identifiable client trust account and is an compliance with Rule XIX, § 28
5. Pay $190.88 in estimated publication cost.

.As stated, the disciplinary board also recommended that certain conditions of readmission be imposed. We take the view that it is inappropriate to impose conditions of readmission at this time. The conditions refereed to by the board, along with other relevant factors, may be properly considered if and when respondent applies for readmission.